ACCEPTED
06-14-00079-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/30/2015 4:11:33 PM
DEBBIE AUTREY
CLERK

DOCKET NO. 06-14-00079-CV

IN THE

SIXTH COURT OF APPEALS

at Texarkana

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/30/2015 4:11:33 PM
DEBBIE AUTREY
Clerk

-------------

MONDE STRACENER

Appellant

V.

DOUG STRACENER, BERNICE STRACENER, AND JOEY STRACENER

Appellees

-------------

Appealed from the 115th Judicial District Court
Of Upshur County, Texas

-------------

APPELLANT'S RESPONSE TO APPELLEES' BRIEF

Robert M. Minton
Texas Bar No. 14195000
Minton & Brown, PLLC
P. O. Box 1688
Henderson, Texas 75653
Telephone: (903) 657-3543
Facsimile: (903) 657-3545

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES & COUNSEL

**Appellant:**

Monde Stracener

**Counsel for Appellant:**

*Trial and Appellate Counsel*:
Robert M. Minton
Texas Bar No. 14195000
Minton & Brown, PLLC
P. O. Box 1688
Henderson, Texas 75653
Telephone: (903) 657-3543
Facsimile: (903) 657-3545
E-Mail: mintonbrown@suddenlinkmail.com

**Appellees:**

Doug Stracener, Bernice Stracener, and Joey Stracener

**Counsel for Appellees:**

*Trial and Appellate Counsel*:
David B. Griffith
Griffith Law Firm PC
P. O. Box 864
Gilmer, Texas 75644-0864
Telephone: (903) 843-5005
Facsimile: (903) 843-5392
E-Mail: davidg@griffithlawfirm.com

**Presiding Judge:**

The Honorable Richard D. Davis

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL…………………………………………..…….…i

TABLE OF CONTENTS………………………………………………………..…..…..ii

INDEX OF AUTHORITIES…………………………………………………….…iii

STATEMENT OF THE CASE…………………………………………………..iv

ORDER FROM WHICH RELIEF IS SOUGHT………………………………………iv

ISSUES PRESENTED………………………………………………….…..v

STATEMENT OF FACTS……………………………………………….…2

ARGUMENT & AUTHORITIES………………………………………….2

CONCLUSION………………………………………………...….4

PRAYER……………………………………………..…..4

CERTIFICATE OF COMPLIANCE……………………………………………...5

CERTIFICATE OF SERVICE………………………………………………5

# INDEX OF AUTHORITIES

CASES                                                                    PAGE(S)

Black's Law Dictionary, Revised Fourth Edition (1968)      …………………………….….3

## STATEMENT OF THE CASE

This is an appeal from the Final Decree of Partition, (CR-80) rendered in Cause 135-06, styled Mondee Stracener v. Doug Stracener, Bernice Stracener, and Joey Stracener, in the 115th District Court of Upshur County, Texas. The suit was over the partition of a tract of 54.883 acres of land, owned jointly by Plaintiff and Defendants, this proportionate ownership was unequal.

A report of commissioners was filed, to which objections were filed by two different council for Plaintiff, Mondee Stracener. Upon the hearing of such objection, the Court required the Report of Commissars to be amended to place values on the whole, the individual shares partitioned, and the value of what has been referred to as certain improvements, being a paved runway, and a house.

The Court entered its Final Decree of Partition, (CR-80) approving the Amended Report of Commissioners, (CR-65) and attaching a copy of such amended report to the final order, on July 11, 2014, filed of record on July 15, 2014.


## ORDER FROM WHICH RELIEF IS SOUGHT

The Final Decree of Partition, (CR-80) signed July 11, 2014, filed of record on July 15, 2014, approving Amended Report of Commissioners, (CR-65).

## ISSUES PRESENTED FOR REVIEW

1.     The Court erred in advising Special Commissioners to consider the value of the house, in partitioning out to Mondee Stracener his portion of the 54.883 acre tract, the subject of the partition suit in the trial court, in contravention of the Amended Decree Ordering Partition and Appointing Commissioners First Order, (CR-17).

2.     The Court erred in failing to instruct Commissioners to exclude the value of the house from consideration in amending the Report of Commissioners, (CR-25) resulting in an unjust and inequitable partition of the property.

3.     The Court erred in its Final Decree of Partition (CR-80) (Second Order) by approving an unjust and inequitable partition, in contravention of the Amended Decree Ordering Partition and Appointing Commissioners, (CR-17) which became final and unappealable on December 9, 2011.

DOCKET NO. 06-14-00079-CV

IN THE

SIXTH COURT OF APPEALS

at Texarkana

-------------

MONDE STRACENER

Appellant

V.

DOUG STRACENER, BERNICE STRACENER, AND JOEY STRACENER

Appellees

-------------

Appealed from the 115th Judicial District Court
Of Upshur County, Texas

-------------

APPELLANT'S RESPONSE TO APPELLEES' BRIEF

TO THE HONORABLE COURT OF APPEALS:

Comes now MONDEE STRACENER, Appellant and Defendant in the Trial Court below and makes and files this Appellant's Response to Appellees' Brief.

## STATEMENT OF FACTS

This appeal begins with the date of the Amended Decree Ordering Partition and Appointing Commissioners, said date being July 26, 2010, and not before.

All the evidence and stipulations of the parties, and arguments before the Trial Court, prior to the date of July 26, 2010, are not a part of this appeal and cannot be considered by the Court of Appeals in rendering opinion on this appeal.

The value of the house was included in valuation of the whole, and Appellant's portion, in contravention of First Judgment.

## ARGUMENTS AND AUTHORITIES

Appellant's agree that the Amended Decree Ordering Partition and Appointing Commissioners, (CR-17), is a Final Decree and Order, not subject to appeal and review. Appellees' do not seem to understand that such Order/Judgment of the Trial Court is non-appealable, and that it's terms, after appeal to the 12th Court of Appeals in Tyler, Texas, was and is final. It is the position of the Appellant that the Trial Court, in the basis of this appeal, did not follow such order, and in fact, has acted in contravention of the findings of his own order, supported both by findings within such order, and the rulings thereon, set out as follows: (CR-20)

7.     "That the single-family dwelling and 1 acre is ordered Mondee Stracener's sole property in his own right, and that upon partition of the property he is entitled to have set aside as part of his 68.75% interest that portion of the property upon which the home is situated.

2

IT IS, THEREFORE, ORDERED that the foregoing property is partitioned between the above-named parties such that the value of the partials allotted to each party reflects the parties interest as recited above, and that the above described single-family dwelling and 1 acre on which the house rest is awarded to Mondee Stracener, Plaintiff, and that, in addition, his share of the real property is set aside to include such improvements."

The Court, by the above finding and order, found that the house and 1 acre is the "sole property in his own right" of Mondee Stracener. "Sole" as defined by Black's Law Dictionary, Revised Fourth Edition, 1968, defines the word as "single; individual; separate; the opposite of joint;". In this proceedings, the Court had jurisdiction only over jointly owned property—not separately owned property, as found by the Court.

As to the part of the order that directs the property set aside to Mondee Stracener, there would have been no need for the wording (CR-20) "and that, in addition, his share of the real property be set aside to include such improvements.", if the Court had intended for the value of the house to be a part of the total percentage of real property, as defined by our Courts, but only if the Court intended same to be segregated to the benefit of Mondee Stracener, and located upon his lands.

To further support that the single-family dwelling and adjoining 1 acre was determined to be the sole and separate property of Mondee Stracener, the Court "further ordered that the parties contribution claims for taxes, utilities, expenses, and maintenance for the single-family dwelling and adjoining 1 acre and the remaining property at issue, (not including the runway) are denied." (CR-20) Any contribution by Appellees' to taxes, utilities, expenses, and maintenance of the single-family dwelling and adjoining 1 acre were denied by the Court. The only conclusive

3

reason that the Court would have entered such an order is that this was the ownership of Mondee Stracener and therefore, such taxes, utilities, expenses, and maintenance, were his responsibility.

## CONCLUSION

Because the Court has failed to follow the First Order/Judgment, which had become final, in this proceedings, the Final Decree of Partition (CR-80) filed in this proceedings, contains fundamental error in failing to follow a prior final judgment, and should not be affirmed, but should be reversed, and the proper remedy directed for further actions in the trial court.

## PRAYER

Wherefore premises considered, Appellant respectfully moves the Court to reverse the Trial Courts Final Decree of Partition dated July 11, 2014 (CR-80), require the dismissal and termination of the Commissioners appointed, deny compensation to such Commissioners, and direct the appointment of new Commissioners to make a fair and equitable partition, and to adjudge all cost against the Appellees' and for such and other and further relief to which the Appellant may show himself justly entitled.

Respectfully submitted,

**MINTON & BROWN, PLLC**
Attorneys at Law
134 N. Marshall Street
P. O. Box 1688
Henderson, Texas 75653-1688
(903) 657-3543
(903) 657-3545 Fax
Email: mintonbrown@suddenlinkmail.com

**BY:    /s/ Robert M. Minton**
ROBERT M. MINTON
Attorney for Appellant
Bar Card #14195000

4

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the Appellant's Response to Appellees' Brief, except for the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, as set out in Tex. R. App. P.9.4(i)(1), hereby contains the total of 734 words.

Respectfully submitted,

**MINTON & BROWN, PLLC**
Attorneys at Law
134 N. Marshall Street
P. O. Box 1688
Henderson, Texas 75653-1688
(903) 657-3543
(903) 657-3545 Fax
Email: mintonbrown@suddenlinkmail.com

**BY:**    **/s/ Robert M. Minton**
ROBERT M. MINTON
Attorney for Appellant
Bar Card #14195000

## CERTIFICATE OF SERVICE

I certify that on **April 30, 2015**, a true and correct copy of Appellant's Response to Appellees' Brief was served on **David B. Griffith** electronically at **davidg@griffithlawfirm.com** and the electronic transmission was reported as complete.

**/s/ Robert M. Minton**
ROBERT M. MINTON
E-mail:mintonbrown@suddenlinkmail.com

5